THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR. 
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Gregory L. Hughes, Respondent,
 
 
 

v.

 
 
 
 State of South Carolina, Petitioner.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Bamberg County
 Jackson V. Gregory, Circuit Court Judge

Memorandum Opinion No. 2005-MO-042
Submitted August 15, 2005 - Filed August 29, 2005

REVERSED

 
 
 
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Paula S. Magargle, Office of the Attorney General, of Columbia, for Petitioner.
 Assistant Appellate Defender Aileen P. Clare, South Carolina Office of Appellate Defense, of Columbia, for Respondent.
 
 
 

__________
PER CURIAM:  The State seeks a writ of certiorari from an order granting respondents application for post-conviction relief (PCR).  We grant the petition, dispense with further briefing, and reverse the decision of the PCR court. 
Respondent was indicted and convicted of possession with intent to distribute crack cocaine and was sentenced to fifteen years imprisonment.  He did not directly appeal his conviction or sentence.  
The PCR judge found the indictment used to convict respondent was insufficient because it lacked the requisite mens rea element of the charged crime.  Therefore, the PCR judge concluded the circuit court lacked subject matter jurisdiction.   
The State contends the PCR judge erred in finding the circuit court without subject matter jurisdiction.  We agree.  
In State v. Gentry, 363 S.C. 93, 610 S.E.2d 494 (2005), this Court conclusively held that a defendant must raise a challenge to an indictments sufficiency before the jury is sworn and not afterwards.  Because petitioner failed to object to the sufficiency of the indictment before the jury was sworn, petitioner cannot collaterally attack the indictment in a PCR proceeding.  Accordingly, the PCR judge erred in finding that the circuit court lacked subject matter jurisdiction.  We therefore reverse the PCR judges order.   
Reversed.
TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.